No. 2558.
Second Circuit

JOHN R. FUQUA v. C. P. COUVILLION,
as Sheriff, and SAMUEL MOREAU.

(February 8, 1926. Opinion and Decree.)

*(Syllabus by the Court.)*

1. **Louisiana Digest—Continuance—Par. 14.**
When a cause is called, the party who has not been able to procure the necessary evidence shall be entitled to a continuance, on proving either that he has not sufficient time to get his proof, or has been prevented from doing so by some unforeseen cause.
(Code of Practice, Art 464. Editor's note.)

Appeal from the Twelfth Judicial District Court of Louisiana, parish of Avoyelles, Hon. L. P. Gremillion, Judge.

This is a suit by which a resident of the State of California claimed to be the owner of an automobile under seizure by the Sheriff and brought this suit, an injunction, against the Sheriff and the seizing creditor, who had seized the automobile under a judgment against another person, believing him to be the owner. On the trial of the case plaintiff's attorney asked for a continuance because it had been impossible to have a commission to take testimony issued and returned by that day. There was judgment dissolving the temporary restraining order and refusing a preliminary injunction. The court refused to grant a suspensive trial. Plaintiff applied for a mandamus directed to the trial judge for the purpose of commanding him to grant a suspensive appeal to plaintiff. Judgment reversed and case remanded, to be proceeded with according to law, giving plaintiff fifteen days in which to obtain his evidence.

Bordelon and Norman of Marksville, attorney for plaintiff, appellee.
J. W. Joffrion of Marksville, attorney for defendants, appellants.

REYNOLDS, J.

STATEMENT OF THE CASE.

Mrs. Florence A. Zimmer recovered a judgment against Robert Laborde as principal and Samuel Moreau as surety in the District Court of Avoyelles Parish.

Samuel Moreau paid the judgment and took a transfer of it from Mrs. Zimmer and had an execution issued upon it in virtue of which the defendant, C. P. Couvillion, as sheriff of the parish of Avoyelles, seized and advertised for sale as the property of Laborde the property in controversy, one 1924 model Studebaker touring automobile, engine number 187,958, license number 1,156,763.

Thereupon, on October 17, 1925, the plaintiff, John E. Fuqua, brought this suit against the sheriff and the seizing creditor.

He alleged that he was the owner of the automobile. That on June 19, 1925, in the state of California, he had sold the automobile to Robert Laborde for the sum of $800.00, of which $50.00 was paid in cash, and that the balance of $750.00 with interest thereon was to have been paid in fifteen equal installments, but that no part of such balance had been paid.

He further alleged that it was stipulated between himself and Laborde at the time of the sale that the title to the automobile should not pass from him to Laborde, and that he, Fuqua, should continue to be the owner thereof until the balance of purchase price was fully paid, and that this stipulation was legal and valid under the laws of the state of California.

He further alleged that inasmuch as Laborde had failed to pay the balance of the

purchase price, the title to the automobile had never passed from him to Laborde, and he was still the owner of it.

He prayed that he might be decreed to be the owner of the automobile and that the sheriff and seizing creditor be perpetually enjoined from proceeding with the seizure and sale thereof.

He further prayed that a temporary restraining order issue restraining the defendants from selling the property and that they be required to show cause on a day to be fixed by the court why the temporary restraining order should not be extended until final judgment in the case.

On the same day the court granted a temporary restraining on the plaintiff's giving bond in the sum of $250.00 and ordered the defendants to show cause on October 21, 1925, why this order should not remain in force until final judgment.

The plaintiff gave the bond and the temporary restraining order issued.

On October 20, 1925, the plaintiff, with leave of court, filed an amended petition, in which he set forthe that the allegation in his original petition that he had sold the automobile to Laborde on June 19, 1925, for $800.00, of which $50.00 was paid in cash and $750.00 was on a credit, was erroneous; that, in fact, the

"* * * said automobile was sold in the first instance to said Robert Laborde by Paul Hoffman Company, Incorporated, whose domicile is in the city of Los Angeles, state of California, and that on June 16th, 1925, petitioner was sold transfered and assigned the contract of sale and interest therein by said company; that on said June 16th, 1925, petitioner entred into a contract with said Robert Laborde, and it being the same contract of sale which existed between the said Paul G. Hoffman Company, Incorporated, with the exception of the terms of payment, wherein and whereby the said contract between petitioner and Laborde, the said Laborde promised and bounded himself to pay petitioner the sum of $800.00 as the purchase price of said automobile, of which the sum of forty dollars has been paid petitioner, and leaving a balance of $760.00 still due and owing petitioner on the said automobile; that otherwise the said automobile's contract of sale with the said Paul G. Hoffman Company, Inc., was to remain the same and continue to be the contract between the said Laborde and petitioner."

He further alleged that by reason of the fact that the Paul G. Hoffman Company, Incorporated, retained the title to the automobile until it should be paid for, that by reason of the assignment to him by said company of its contract of sale with Laborde he became vested with the title to the automobile until the purchase price should be paid.

And he readopted the prayers of his original petition.

On the same day, October 20, 1925, the plaintiff filed, with leave of court, a second amended petition, in which he reiterates the allegations and prayer for his first amended petition.

The defendants answered the petition and denied that plaintiff was the owner of the automobile and that he had sold it to Laborde and that a balance of purchase price was owing on it, and alleged, in the alternative, that if plaintiff did sell Laborde the automobile and if any part of the purchase price remained unpaid, then that plaintiff had no other rights in the premises than a vendor's privilege, which did not entitle him to prevent a sale of the automobile.

They denied that the laws of the state of California permit a vendor of a chattel on credit to retain title to the property until the purchase price is paid, and aver, in the alternative, that if such be the law of the state of California, they are modified when contracts under them are sought to be enforced in Louisiana so as

not to permit injustice to be done to creditors of such a purchaser, and that in such a case the vendor with reservation of title in himself should be relegated for his security to the vendor's privilege allowed him by the laws of the state of Louisiana.

They prayed that the preliminary restraining order granted be recalled and annulled and that the injunction prayed for be denied.

Defendants also filed a supplemental answer setting up that plaintiff's amended petition alleged a different condition of things regarding his title to the automobile from that alleged in his original petition and that his rights to the restraining order must be determined by the condition of things set forth in his original petition and not those alleged in his amended petition.

They prayed that the temporary restraining order granted be recalled, the injunction prayed for denied and plaintiff's petition dismissed.

Thereupon plaintiff filed a motion asking that the date of the hearing on the application to show cause be reset so as to allow him time in which to procure the necessary evidence to support the allegations of his petition.

The motion, which is verified by plaintiff's attorneys, sets out that plaintiff is a non-resident of the state of Louisiana and a resident of Los Angeles, California, and was then actually in Los Angeles, California; that his testimony is material and necessary on the hearing, and that he could not safely go to trial without it; that it is necessary to take his testimony by commission; and that it is impossible to have a commission for the purpose issued and returned by the day set for the hearing on the order to show cause.

The court overruled the motion for continuance and also denied allowance of leave to file the first and second amended petitions, and to these rulings the plaintiff reserved exceptions.

The trial of the case was thereupon proceeded with, and on October 23, 1925, judgment was rendered dissolving the temporary restraining order and refusing a preliminary injunction.

Thereupon the plaintiff requested the court to grant him an appeal, both suspensive and devolutive, returnable to this court according to law, and to fix the amount of the bond and the return date for the appeal.

The court refused to grant a suspensive appeal, stating that it could not find any authority to do so under Act 29 of 1924. It granted a devolutive appeal, returnable to this court on November 25, 1925, and fixed a bond at $50.00.

On November 12, 1925, plaintiff obtained from this court an alternative writ of mandamus directed to the trial judge directing him to show cause on November 1, 1925, why an order directing him to grant the plaintiff the suspensive appeal asked for should not be issued, and directed to the defendants, commanding them to proceed no further toward the sale of the automobile under the execution until the further order of this court.

This order to show cause was argued and submitted to this court on its return day, but no judgment has heretofore been rendered in that matter.

### OPINION.

The question presented for decision in this case is, should plaintiff's application for a continuance of the rule to show cause long enough to enable him to procure his evidence from California have been granted?

The application for continuance is supported· by the affidavit of Mr. Wade Norman, one of plaintiff's attorneys, and sets forth that the plaintiff is a non-resident of the state of Louisiana and a resident of the state of California, and that he was at the time of the application actually in the city of Los Angeles in said last named state; that plaintiff's evidence is material, essential and necessary to his case; that it was necessary to take plaintiff's testimony under commission, and that it was his intention to do so, and that it was physically impossible to have a commission for this purpose issued, executed and returned between the date plaintiff's suit was filed and the return day of the order to show cause why a preliminary injunction should not issue. That plaintiff expects to prove by his testimony that he sold the automobile in question to Robert Laborde for the price of $800.00 in the state of California, of which amount $40.00 was paid in cash and the balance was to be paid at later date; that no part of said balance has been paid; that at the time of the sale it was stipulated that the title to said automobile should not pass from plaintiff to said Laborde until the purchase price was fully paid; and that the laws of the state of California authorized such contracts.

Plaintiff's suit was filed October 17, 1925, and the preliminary restraining order was granted the same day.

The rule to show cause why this re-straining order should not be made permanent pendente lite was made returnable October 20, 1925.

The motion for a continuance was filed and overruled on October 20, 1925, and final judgment was rendered in the case on October 23, 1925.

We do not think that from October 17, 1925, to October 20, 1925, sufficient time for plaintiff to come in person from Los Angeles, California, to court, to give his testimony, or to have a commission issued to an officer in that city to take his testimony to be executed and returned.

Plaintiff could not anticipate the defenses set up by the seizing creditor in his answer to plaintiff's petition in the case; and Article 464 of the Code of Practice prescribes that a party to a cause shall have reasonable opportunity to procure his evidence before being forced to trial.

We think that under the conditions disclosed by the record the motion for a continuance should have been granted and, the plaintiff not having had reasonable opportunity to present his evidence through no fault of his own, it follows that all proceedings had in the case subsequent to his application for a continuance are null and void.

This conclusion dispenses with the necessity of our proceeding to judgment on the application for writs of mandamus and prohibition.

It is therefore ordered, adjudged and decreed that the judgment appealed from be reversed, avoided and set aside, and the case is remanded to the District Court to be proceeded with according to law after giving to the plaintiff fifteen days time after the record in the case shall have been returned to that court in which to obtain evidence in support of his application for a preliminary injunction.